# UNITED STATES DISTRICT COURT
### for the
### Southern District of Indiana
### Indianapolis Division

| | | |
|---|---|---|
| Douglas J. Gosser, as Personal Representative of the | ) | |
| Estate of Brian Lee Gosser, Deceased, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|         v. | ) | Case No. 1:17-cv-03257-TWP-MPB |
| | ) | |
| Henry County Sheriff's Dept., Richard A. McCorkle, | ) | |
| individually and in his official capacity as Sheriff of | ) | |
| Henry County; and Brent Grider, individually and in | ) | |
| his official capacity as Jail Commander of the Henry | ) | |
| County Jail; Officer Robert Huxold, Officer Teresa | ) | |
| Weesner, Officer Clark Lecher, individually and in | ) | |
| their official capacities as Correctional Officers; | ) | |
| Quality Correctional Care, LLC; Christopher | ) | |
| Stephenson, P.A.; Tara Westermen, R.N.; and Denette | ) | |
| Lewark, R.N., | ) | |
|     Defendants. | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS QUALITY CORRECTIONAL CARE, LLC, CHRISTOPHER STEPHENSON, P.A., TARA WESTERMEN, R.N., AND DENETTE LEWARK, R.N.

Come now Defendants, Quality Correctional Care, LLC (hereinafter "QCC"), Christopher Stephenson, P.A. (hereinafter "Stephenson"), Tara Westermen, R.N. (hereinafter "Westermen"), and Denette Lewark, R.N. (hereinafter "Lewark"), by counsel, Brian M. Pierce, and file their Answer to Plaintiff's Complaint as follows:

## I. NATURE OF THE CASE

1.    This lawsuit seeks money damages against the Henry County Sheriff's Department, Richard A. McCorkle, the Henry County Sheriff, Brent Grider, Jail Commander of the Henry County Jail, Officer Robert Huxold, Officer Teresa Weesner, Officer Clark Lecher, Quality Correctional Care, LLC, Christopher Stephenson, P.A., Tara Westermen, R.N.,

1

and Denette Lewark, R.N., for physical injuries suffered by Brian Gosser during his incarceration at the Henry County Jail which resulted in his death on or around March 4, 2016.

**Answer:**     Defendants admit Plaintiff's Complaint seeks monetary damages from Defendants for alleged physical injuries.  To the extent paragraph 1 of Plaintiff's Complaint contains factual allegations, Defendants deny the same.

## II.  JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C § 1983 for violations of Brian Gosser's rights as secured by the Eighth and Fourteenth Amendments to the Constitution of the United States of America, as well as under Indiana state law.  This Court has original jurisdiction over the federal questions presented pursuant to 28 U.S.C. §§1331 and 1343.

**Answer:**     Defendants admit that this Court has subject matter jurisdiction and that venue is proper.

3.     Defendants are each "person[s]" within the definition, meaning and intent of 42 U.S.C. §1983.

**Answer:**     Paragraph 3 of Plaintiff's Complaint is a conclusory legal statement, and therefore, Defendants can neither admit or deny the same.

4.     Defendants, acting under color of law and pursuant to a policy, practice and/or custom, violated Brian Gosser's constitutional rights to be free from cruel and unusual punishment, reckless indifference to his serious medical needs, and to receive due process, among other rights hereinafter set forth, as protected by the Eighth and Fourteenth Amendments to the U.S. Constitution.

**Answer:**     Defendants deny the allegations contained in paragraph 4 of Plaintiff's Complaint.

2

5.      Plaintiff's state law claims arise from the same common nucleus of operative facts as Plaintiff's federal law claims, all of Plaintiff's claims forming a single case and controversy under Article III of the United States Constitution.  As such, this Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367.

**Answer:**      Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.      All events, transactions, and occurrences pertinent to this lawsuit having occurred within the geographical environs of the Southern District of Indiana and all parties being located there, venue is proper in this Court pursuant to 28 U.S.C. §1391.

**Answer:**      Defendants admit venue is proper.

### III. PARTIES

7.      By Order of the Henry County Circuit Court under Cause Number 33C02-1603-ES- 000020 dated May 30, 2017, the Plaintiff, Douglas J. Gosser, was appointed Successor Personal Representative of the Estate of Brian Lee Gosser, deceased, and in such capacity brings this action against the Defendants.

**Answer:** Defendants can neither admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint, and therefore deny the same.

8.      At all relevant times hereto, the decedent, Brian Lee Gosser (hereinafter referred to as "Brian"), was a citizen of the United States of America, State of Indiana, County of Henry.

**Answer:** Defendants can neither admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint, and therefore deny the same.

9.      At all times relevant hereto, Defendant Henry County Sheriff's Department, was and is a law enforcement county agency located in Henry County, Indiana, charged with, among

other duties, overseeing the operation of Henry County Jail and the care of both pretrial detainees and inmates. This defendant is sued with respect to both federal and state law claims.

**Answer:** Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.    At all times relevant hereto, Defendant Henry County Sheriff's Department operated and maintained the Henry County Jail.

**Answer:** Defendants admit the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.    At all relevant times hereto, Defendant McCorkle was the Sheriff of Henry County, Indiana, and was acting under color of state law and in the course and scope of his employment with the Defendant, the Henry County Sheriff's Department.  McCorkle was the commanding officer of Grider; was responsible for enforcing the rules and regulations of the Henry County Sheriff's Department and the Henry County Jail; and for ensuring that jail personnel obeyed the laws of the State of Indiana and the United States of America; and was responsible for Grider's training, supervision, and conduct, as more fully set forth infra. McCorkle, due to his action and inactions at the Henry County Jail prior to and between February 17, 2016 and March 4, 2016, as hereafter described, is sued in his individual and official capacities and is sued with respect to federal claims for both compensatory and punitive damages.

**Answer:**    Defendants admit that Defendant McCorkle was the Sheriff of Henry County, Indiana, at all times relevant.   Defendants can neither admit or deny the remaining allegations contained in paragraph 11 of Plaintiff's Complaint, and therefore deny the same.

12.     At all relevant times hereto, Defendant Grider was the Jail Commander of the Henry County Jail and was acting under color of state law and in the course and scope of his employment with the Henry County Sheriff's Department at the Henry County Jail, and was in charge of the jail's daily operations as well as the training, supervision and conduct of the jail personnel.  Grider was responsible for enforcing the rules and regulations of the Henry County Jail and for ensuring that Henry County Jail personnel obeyed the laws of the State of Indiana and the United States of America. Grider, due to his actions and inactions at the Henry County Jail prior to, and between February 17, 2016 and March 4, 2016, is sued in his individual and official capacities with respect to federal claims and for both compensatory and punitive damages.

**Answer:**     Defendants can neither admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint, and therefore deny the same.

13.     At all relevant times hereto, the Defendants, Officer Huxhold, Officer Weesner, and Officer Lecher (collectively "Defendant Correctional Officers") were correctional officers at the Henry County Jail and were acting under color of state law and within the course and scope of their authority and employment for the Henry County Sheriff's Department.   These individuals are sued in their individual and official capacities with respect to federal claims and for both compensatory and punitive damages.

**Answer:**     Defendants can neither admit or deny the allegations contained in paragraph 13 of Plaintiff's Complaint, and therefore deny the same.

14.     At all relevant times hereto, the Defendant QCC, was a domestic limited liability company providing medical services to detainees in the Henry County Jail, was acting under a government contract fulfilling a government function, was acting under color of state law within

the course and scope of that government contract, and was not a "qualified provider" as defined by I.C. §34-18-2-24.5.  Defendant QCC is named in its representative capacity as liable for the torts its employees committed against Brian within the scope of their employment.

**Answer:**   Defendants admit that QCC is an Indiana limited liability corporation providing medical and psychological services to detainees in the Henry County Jail. Defendants deny the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

15.   At all relevant times hereto, Defendant Stephenson, was a certified physician's assistant providing medical services to patients in Indiana, including inmates with medical disorders at the Henry County Jail, was acting under a government contract fulfilling a government function, was acting under color of state law within the course and scope of that government contract, and was not a "qualified provider" as defined by I.C. §34-18-2-24.5.

**Answer:**   Defendants admit that Stephenson is a certified physician's assistant providing medical services to patients in Indiana, including inmates with medical disorders at the Henry County Jail.   The remaining allegations contained in paragraph 15 are legal conclusions that can neither be admitted or denied, and therefore Defendants deny the same.

16.   At all relevant times hereto, Defendant Westermen, was a registered nurse providing medical services to patients in Indiana, including inmates with medical disorders at the Henry County Jail, was acting under a government contract fulfilling a government function, was acting under color of state law within the course and scope of that government contract, and was not a "qualified provider" as defined by I.C. §34-18-2-24.5.

**Answer:**   Defendants admit that Westermen is a registered nurse providing medical services to patients in Indiana, including inmates with medical disorders at the Henry County

Jail.  The remaining allegations contained in paragraph 16 are legal conclusions that can neither be admitted or denied, and therefore Defendants deny the same.

17.     At all relevant times hereto, Defendant Lewark, was a registered nurse providing medical services to patients in Indiana, including inmates with medical disorders at the Henry County Jail, was acting under a government contract fulfilling a government function, was acting under color of state law within the course and scope of that government contract, and was not a "qualified provider" as defined by I.C. §34-18-24.5.

**Answer:**     Defendants admit that Lewark is a registered nurse providing medical services to patients in Indiana, including inmates with medical disorders at the Henry County Jail.  The remaining allegations contained in paragraph 17 are legal conclusions that can neither be admitted or denied, and therefore Defendants deny the same.

18.     At all relevant times hereto, Defendants Stephenson, Westermen and Lewark were acting as agents, employees, and/or representatives of the Defendants, QCC and/or Henry County Sheriff's Department. Defendants, QCC, Stephenson, Westermen, and Lewark are collectively referred to as "Defendant Healthcare Providers."

**Answer:**     Defendants admit the allegations contained in paragraph 18 of Plaintiff's Complaint.

## IV. <u>FACTUAL ALLEGATIONS</u>

19.     Brian was arrested on February 17, 2016, for Operating While Intoxicated (OWI), and detained in the Henry County Jail located at 127 North 12th Street, New Castle, Indiana 47362 (hereinafter "the Jail").

**Answer:** Defendants admit the allegations contained in paragraph 19 of Plaintiff's Complaint.

7

20.     Following the booking process, Brian was assigned to the general Jail population.

**Answer:** Defendants can neither admit or deny the allegations contained in paragraph 21 of Plaintiff's Complaint, and therefore deny the same.

21.     During Brian's incarceration at the Jail, he was beaten on multiple occasions, by inmates while housed in the Jail to the point of needing medical care.

**Answer:** Defendants admit that Plaintiff was provided medical care.   Defendants can neither admit or deny the allegations contained in paragraph 21 of Plaintiff's Complaint, and therefore deny the same.

22.     On or around February 22, 2016, while Brian was housed in "B Block" at the Jail, Brian was assaulted by a fellow inmate, causing injuries to his face.  As a result, Brian indicated to jail personnel that he didn't feel safe and was moved to "F Block" on or around February 23, 2016.

**Answer:** Defendants can neither admit or deny the allegations contained in paragraph 22 of Plaintiff's Complaint, and therefore deny the same.

23.     "F Block" was known to Defendant Correctional Officers to be referred to as the "Gladiator Block."

**Answer:** Defendants can neither admit or deny the allegations contained in paragraph 23 of Plaintiff's Complaint, and therefore deny the same.

24.     During his time in "F Block" Brian was subjected to consistent abuse by other inmates housed in the block including, but not limited to theft of property and physical beatings.

**Answer:**     Defendants can neither admit or deny the allegations contained in paragraph 24 of Plaintiff's Complaint, and therefore deny the same.

25.     Between February 23, 2016 and February 26, 2016, Brian was subjected to repeated beatings by inmates housed in "F Block."

**Answer:**     Defendants can neither admit or deny the allegations contained in paragraph 25 of Plaintiff's Complaint, and therefore deny the same.

26.     On or around February 26, 2016, Brian was subjected to continual beatings over the course of the day by inmates in "F Block."  At one point, Brian was physically pinned to the ground by inmates and subjected to repeated beating of his ribs, face and back, and as a result, lost consciousness.

**Answer:**     Defendants can neither admit or deny the allegations contained in paragraph 26 of Plaintiff's Complaint, and therefore deny the same.

27.     Around 5:30 p.m. on February 26, 2016, Officers Weesner, Huxhold and Lecher entered "F Block" and noticed that Brian appeared to be injured, but did not remove him from the block.  Subsequently, at around 7:00 p.m., Officer Lecher returned to the block and stopped in Brian's cell, at which time Brian held up a handwritten sign stating "In 10 minutes please come back…I NEED HELP!"

**Answer:** Defendants can neither admit or deny the allegations contained in paragraph 27 of Plaintiff's Complaint, and therefore deny the same.

28.     Officer Lecher left "F Block" and returned at approximately 8:05 p.m. and removed Brian and placed in him in a holding cell.

**Answer:**     Defendants can neither admit or deny the allegations contained in paragraph 28 of Plaintiff's Complaint, and therefore deny the same.

29.     While in the holding cell, Brian informed Officer Lecher that he needed to go the hospital due to his injuries.  Despite Brian's apparent injuries and requests, Officer Lecher

decided that Brian would not be transported to a hospital and that he would have to wait to be evaluated by a jail nurse the following morning.

**Answer:**     Defendants can neither admit or deny the allegations contained in paragraph 29 of Plaintiff's Complaint, and therefore deny the same.

30.     As a result of the substantial beating on February 26, 2016, Brian was in need of immediate medical care.

**Answer:**     Defendants can neither admit or deny the allegations contained in paragraph 30 of Plaintiff's Complaint, and therefore deny the same.

31.     On February 27, 2016, while dispensing medication, Lewark spoke with Brian and was informed that he was having difficulty breathing. Lewark examined Brian and noted that there were abnormal noises in his back.  Lewark determined Brian should be transported to Henry County Memorial Hospital.

**Answer:**     Defendants admit paragraph 31 of Plaintiff's Complaint.

32.     Brian was not transported to the Henry County Memorial Hospital until 11:40 a.m.  on February 27, 2016 for treatment. Upon examination at Henry County Memorial Hospital, it was revealed that Brian's injuries included, but were not limited to, broken facial bones, several broken ribs, a fractured septum and a possible concussion.

**Answer:**     Defendants can neither admit or deny the allegations contained in paragraph 32 of Plaintiff's Complaint, and therefore deny the same.

33.     Despite specific directives received from attending staff at the Henry County Memorial Hospital that Brian required continuing observation and treatment for his injuries, Grider directed that Brian be returned back to the Jail.  Brian returned to the Jail at approximately 4:00 p.m. on February 27, 2016 and placed on "G Block."

10

**Answer:** Defendants can neither admit or deny the allegations contained in paragraph 33 of Plaintiff's Complaint, and therefore deny the same.

34. Following his return to the Jail, Brian continually informed Defendant Correctional Officers and Defendant Healthcare Providers that he was in severe pain and needed to return to the hospital. On or around February 28, 2016, Officer Lecher observed that Brian was profusely sweating and vomiting from his apparent concussion and had refused to eat. In response, Officer Lecher checked Brian's vitals and communicated with Lewark to determine how to proceed. Lewark simply informed Officer Lecher to place Brian in the "drunk tank" for observation.

**Answer:** Defendants admit that Plaintiff received medical treatment after returning to the Henry County Jail. Defendants deny the remaining allegations contained in paragraph 34 of Plaintiff's Complaint.

35. On March 2, 2016, Brian began experiencing significant difficulties breathing, had pain in his ribs, and severe nausea, as a result of his injuries and was examined by Stephenson. Stephenson simply prescribed pain relief medication (i.e., Tylenol, Prednisone and Ibuprofen), but provided no additional plan of treatment.

**Answer:** Defendants admit that Plaintiff received medical treatment. Defendants can neither admit or deny the remaining allegations contained in paragraph 35 of Plaintiff's Complaint, and therefore deny the same.

36. On March 3, 2016, Brian informed Lewark that he was still experiencing significant difficulty breathing. Lewark consulted with Westermen, it was determined that Brian should have a chest x-ray. In addition, Lewark and Westermen administered a "breathing

treatment" to Brian due to low oxygen levels. Lewark informed Officer Lecher of Brian's condition and that an x-ray technician would be coming to the Jail that evening.

**Answer:** Defendants admit that Plaintiff received medical treatment. Defendants can neither admit or deny the allegations contained in paragraph 36 of Plaintiff's Complaint, and therefore deny the same.

37. As of 8:20 p.m. on March 3, 2016, the requested x-ray technician had not arrived and Brian continued vomiting. Officer Lecher contacted Lewark and it was determined he should be placed Brian in the "drunk tank" for observation. Lewark also directed Officer Lecher to contact Westermen going forward.

**Answer:** Defendants admit that Plaintiff received medical treatment. Defendants can neither admit or deny the remaining allegations contained in paragraph 37 of Plaintiff's Complaint, and therefore deny the same.

38. Brian was left in the "drunk tank" unobserved for approximately one hour awaiting the arrival of an x-ray technician. During this time, Brian vomited on at least four occasions and continually attempted to bring his deteriorating condition to the attention of Officer Lecher, who intentionally ignored Brian's serious medical situation.

**Answer:** Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Brian's x-ray did not occur until well after 9:00 p.m. on March 3, 2016, as he was left in the "drunk tank" for over an hour awaiting the results of his x-ray. During this period, Officer Lecher provided the results of the x-ray to Westermen in order for her to consult with Stephenson.

**Answer:**     Defendants admit that during this period, Officer Lecher provided the results of the x-rays to Westermen in order for her to consult with Stephenson.  Defendants deny the remaining allegations contained in paragraph 39 of Plaintiff's Complaint.

40.     Subsequently, approximately one hour later, Officer Lecher contacted Westermen to inform her that Brian was again vomiting and it was decided that Brian should be immediately transported to the Henry County Memorial Hospital emergency room.

**Answer:**     Defendants admit that Gosser was transported to the Henry County Memorial Hospital Emergency Room.  Defendants can neither admit or deny the remaining allegations contained in paragraph 40 of Plaintiff's Complaint, and therefore deny the same.

41.     Officer Lecher transported Brian to the Henry County Memorial Hospital at 10:30 p.m. on March 3, 2016.

**Answer:** Defendants admit the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     On or around March 3, 2016, Brian was returned to the Henry County Memorial Hospital emergency room with complaints of shortness of breath, chest pains, nausea/vomiting, fever, dizziness, weakness, chills, cough, abdominal pain and sweating.  His complaints were directly related to the preventable violent inmate assaults at the Jail due to the Defendants' intentional disregard and reckless indifference to Brian's need for protective treatment and medical care.

**Answer:**     Defendants can neither admit or deny the remaining allegations contained in paragraph 42 of Plaintiff's Complaint, and therefore deny the same.

43.     Although Henry County Sheriff's Department personnel were aware and/or should have reasonably been aware of Brian's prior beatings and that Brian had suffered injuries

13

that required hospitalization and medical care, Defendant Correctional Officers, as well as McCorkle and Grider, and Defendant Healthcare Providers were intentionally and recklessly indifferent to the serious threat of bodily harm to Brian from violent jail inmates, as well as to Brian's serious medical needs as a result of which, following his return to the Jail, Brian continued to exhibit symptoms requiring further immediate medical attention, hospitalization and treatment.   Collectively, all Defendants intentionally ignored and disregarded, or were recklessly indifferent to Brian's serious medical needs.

**Answer:**     Defendants deny the allegations contained in paragraph 43 of Plaintiff's.

44.     Brian sustained seriously traumatic injuries as a result of the repeated blunt force trauma to which he was subjected during his incarceration in the Jail.

**Answer:**     Defendants can neither admit or deny the remaining allegations contained in paragraph 44 of Plaintiff's Complaint, and therefore deny the same.

45.     Prior to the time of his return to Henry County Memorial Hospital on March 3, 2016, Brian was in serious need of immediate medical assistance.   Defendant Correctional Officers' and Defendant Healthcare Providers' reckless indifference and delay in providing necessary medical assistance and transport to Henry County Memorial Hospital exacerbated Brian's critical medical condition which ultimately resulted in his death.

**Answer:**     Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.     Brian was transferred to St. Vincent Hospital in Indianapolis and admitted to the intensive care unit with noted rib fractures, possible liver laceration, and sepsis with acute renal failure. Despite aggressive efforts, Brian's condition deteriorated rapidly and he died on March 4, 2016.

14

**Answer:**      Defendants can neither admit or deny the remaining allegations contained in paragraph 46 of Plaintiff's Complaint, and therefore deny the same.

47.      Brian's death was the direct result of the traumatic injuries sustained while he was   incarcerated in the Jail due to the Defendants' intentional disregard and reckless indifference for his protection after his first beating and their reckless indifference to his serious medical needs.

**Answer:**      Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.      A subsequent autopsy conducted by the Marion County Coroner, determined that Brian's death was a homicide was a direct result of multiple blunt force injuries he suffered while incarcerated in the Defendants' custody and care.

**Answer:**      Defendants can neither admit or deny the remaining allegations contained in paragraph 48 of Plaintiff's Complaint, and therefore deny the same.

49.      Defendants failed to provide proper care and protection for Brian while he was incarcerated in the Jail in violation of their duties under the United States Constitution.

**Answer:**      Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.      Defendants were responsible for formulating, implementing and monitoring the effective use of protocols and procedures to properly protect pretrial detainees, including Brian, in the Jail.

**Answer:**      Defendants admit the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.     Brian's emergency and life-threatening medical situation and death was the direct and proximate result of Defendants' refusals, failures and omissions to provide Brian with proper protection from physical harm, appropriate and timely medical treatment, and Defendants' systematic failures to have qualified medical staff available for his care and treatment, especially considering his serious medical needs.

**Answer:**     Defendants deny the allegations contained in paragraph 51 of Plaintiff's Complaint, and therefore deny the same.

52. Defendants allowed, approved and ratified harm causing policies and failed to adequately train employees and Jail personnel.  To this end, in deliberate disregard of and reckless indifference to Brian's right to be free from violent attacks by other inmates and/or pursuant to an actual policy, practice or custom, the Henry County Sheriff's Department and its agents and employees: (i) allowed Brian to be subjected to repeated violent attacks; (ii) refused and/or failed to ensure that proper measures and protections were afforded to Brian; (iii) refused and/or intentionally failed to take proper measures to correct dangerous conditions that prevailed in the Jail that enabled other inmates to repeatedly subject Brian to serious beatings; (iv) failed to take appropriate steps to prevent the violent attacks which resulted in the death of Brian; (v) in deliberate indifference to and reckless disregard of Brian's serious medical needs, had a policy, practice or custom of not providing for appropriately trained personnel or trained physicians to evaluate and examine seriously injured pretrial detainees and/or inmates; and (vi) in deliberate indifference to and reckless disregard of, Brian's serious medical needs, maintained a policy, practice or custom of denying, delaying or intentionally interfering with detainees' and/or inmates' necessary medical care.

**Answer:** Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.    Defendants knew or reasonably should have known of the (a) specific deprivations suffered by Brian and (b) of the failure to provide adequate protection to Brian from violent inmate attacks, and as a result, Defendants were deliberately indifferent to Brian's constitutional rights.

**Answer:** Defendants deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.    Defendants failed to develop and maintain adequate procedures and protocols and/or failed to monitor or implement existing procedures and protocols to protect Brian from physical harm during his incarceration which resulted in his death.

**Answer:** Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.    Defendants had a policy and practice of failing to provide proper on-site medical professionals and/or understaffing medical care providers at the Jail, not providing adequate medical care for pretrial detainees at the Jail with serious medical needs and/or intentionally delaying the provision of adequate medical care which resulted in the deprivation of Brian's constitutionally protected rights and, ultimately, his death.

**Answer:** Defendants deny the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.    The actions or inactions of the individual defendants were taken pursuant to the policy, customs and practices of the Henry County Sheriff's Department and Henry County Jail.

**Answer:** Defendants deny the allegations contained in paragraph 56 of Plaintiff's Complaint.

LEGAL CLAIMS

COUNT I:  VIOLATIONS OF 42 U.S.C. §1983

57.     Plaintiff incorporates herein the allegations of Paragraphs One (1) through and including Paragraph Fifty-Six (56) of this Complaint.

**Answer:**      Paragraph 57 of Plaintiff's Complaint is a statement of incorporation by reference, and can neither be admitted or denied.  Defendants therefore deny the same.

58.     Defendants' failures, actions, inactions and omissions violated Brian's constitutionally protected rights under the Eighth and Fourteenth Amendments to the United States Constitution.

**Answer:**      Defendants deny the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.     Defendants, by express policy and/or as a matter of custom and practice, deprived Brian of his constitutional rights, as hereinbefore set forth.

**Answer:**      Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint.

60.     The harm caused to Brian, which resulted in his eventual death, was a highly predictable consequence of the Defendants' policies.

**Answer:**      Defendants deny the allegations contained in paragraph 60 of Plaintiff's Complaint.

61.     Defendants' actions, inactions and omissions constituted a deliberate indifference to Brian's rights and serious medical needs.

**Answer:**        Defendants deny the allegations contained in paragraph 61 of Plaintiff's Complaint.

62.        Defendants are liable under 42 U.S.C. §1983 for their actions in depriving Brian of the rights, privileges and immunities secured to him by the Eighth and Fourteenth Amendments to the United States Constitution.

**Answer:**        Defendants deny the allegations contained in paragraph 62 of Plaintiff's Complaint.

<u>COUNT II: NEGLIGENCE</u>

63.        Plaintiff incorporates herein the allegations of Paragraph One (1) through and including Paragraph Fifty-Six (56) of this Complaint.

**Answer:**        Paragraph 63 of Plaintiff's Complaint is a statement of incorporation by reference, and can neither be admitted or denied.  Defendants therefore deny the same.

64.        The actions, inactions and omissions of the individual defendants occurred within the scope of their employment.

**Answer:**        Defendants deny the allegations contained in paragraph 64 of Plaintiff's Complaint.

65.        Defendants Henry County Sheriff's Department, McCorkle, Grider and QCC were negligent in that they failed to properly supervise Jail inmates, placed Brian in the Jail with inmates who were known to cause harm to other inmates and returned Brian to the Jail after a violent attack with knowledge of the risks posed, and failed to provide immediate and appropriate medical attention and treatment to Brian.

**Answer:**        Defendants deny the allegations contained in paragraph 65 of Plaintiff's Complaint.

66.     Defendants Henry County Sheriff's Department, McCorkle, Grider and QCC negligently hired, supervised, and retained the officers, doctors, nurses, staff and outside contractors when they knew, or should have known, that said personnel were not properly trained and were otherwise unfit for service.

**Answer:**     Defendants deny the allegations contained in paragraph 66 of Plaintiff's Complaint.

67.     Defendants owed a duty to Brian to provide him with proper care and protection while he was incarcerated in the Jail.

**Answer:**     Defendants admit the allegations contained in paragraph 67 of Plaintiff's Complaint.

68.     Defendants owed a duty to Brian to provide him with timely and appropriate medical care and treatment.

**Answer:**     Defendants admit the allegations contained in paragraph 68 of Plaintiff's Complaint.

69.     Defendants wrongful acts and omissions and those of their agents and/or employees were the responsible cause of Brian's death since his death would not have occurred without their negligent conduct and his death was a natural, probable and foreseeable result of their conduct.

**Answer:**     Defendants deny the allegations contained in paragraph 69 of Plaintiff's Complaint.

70.     Brian suffered an otherwise preventable fatal injury due to Defendants' breach of their duty to provide protection and reasonable medical care and treatment

**Answer:** Defendants deny the allegations contained in paragraph 70 of Plaintiff's Complaint

71. As a direct and proximate result of the wrongful acts and omissions of the Defendants, Brian suffered pain, discomfort, emotional trauma and other recoverable damages.

**Answer:** Defendants deny the allegations contained in paragraph 71 of Plaintiff's Complaint.

## COUNT III: WRONGFUL DEATH

72. Plaintiff incorporates herein the allegations of Paragraphs One (1) through and including Paragraph Fifty-Six (56) of this Complaint.

**Answer:** Paragraph 72 of Plaintiff's Complaint is a statement of incorporation by reference, and can neither be admitted or denied. Defendants therefore deny the same.

73. During Brian's detention at the Jail, he sustained preventable injuries which required medical treatment.

**Answer:** Defendants deny the allegations contained in paragraph 73 of Plaintiff's Complaint.

74. During Brian's detention at the Jail, Defendants were deliberately indifferent to Brian's serious medical condition and needs, suffered as a result of being repeatedly beaten by fellow inmates, and either did not observe or chose to ignore the obvious need for monitoring and to provide essential and necessary medical care and treatment.

**Answer:** Defendants deny the allegations contained in paragraph 74 of Plaintiff's Complaint.

75. Defendants' failure to adequately monitor the safety of the jail detainees, including Brian, demonstrates a total lack of regard for pretrial detainees to be free from unnecessary and unlawful bodily harm.

21

**Answer:**      Defendants deny the allegations contained in paragraph 75 of Plaintiff's Complaint.

76.    Defendants' failure to adequately monitor Brian after being beaten at the Jail, demonstrates a total lack of regard for and reckless disregard to, his well-being.

**Answer:**      Defendants deny the allegations contained in paragraph 76 of Plaintiff's Complaint.

77.    Defendants' conduct wholly lacks the due care and diligence which prudent and reasonable jail and healthcare personnel and supervisors should have displayed under similar circumstances.

**Answer:**      Defendants deny the allegations contained in paragraph 78 of Plaintiff's Complaint.

78.    The acts and omissions of the Defendants were willful, wanton, and malicious, and done with such reckless disregard of the consequences as to reveal a conscious and deliberate indifference to Brian's serious medical condition which resulted in his untimely and tragic death.

**Answer:**      Defendants deny the allegations contained in paragraph 78 of Plaintiff's Complaint.

79.    Defendants are responsible for Brian's death as the result of their intentional, willful, wanton, reckless and/or negligent acts and omissions, including but not limited to the failure to provide medical care, failure to provide medical treatment, failure to monitor Brian's symptoms, failure to timely contact emergency services for transport to the hospital, and failure of supervisory officers, particularly McCorkle and Grider, to train and supervise their Officers, deputies, and staff.

**Answer:**        Defendants deny the allegations contained in paragraph 79 of Plaintiff's Complaint.

80.    Brian is survived by his three minor children, who have been determined to be beneficiaries of his estate.

**Answer:**        Defendants can neither admit or deny the allegations contained in paragraph 80 of Plaintiff's Complaint, and therefore deny the same.

81.    As a direct and proximate result of the wrongful acts and omissions of Defendants, Plaintiff, Douglas J. Gosser, on behalf of the Estate of Brian Gosser, suffered great losses and seeks to recover for the wrongful death of Brian, including recovery of funeral and burial expenses, expenses incurred in the administration of the decedent's estate, reasonable attorney fees incurred pursuing this claim, compensatory damages for wrongful death, punitive damages, and all other damages allowed by law.

**Answer:**        Defendants deny the allegations contained in paragraph 81 of Plaintiff's Complaint.

## VI.  REQUESTED RELIEF

WHEREFORE, Defendants, Quality Correctional Care, LLC, Christopher Stephenson, P.A., Tara Westermen, R.N., and Denette Lewark, R.N., by counsel, Brian M. Pierce, request that Plaintiff take nothing by way of his complaint, and all other relief just and proper.

## DEMAND FOR TRIAL BY JURY

Defendants, Quality Correctional Care, LLC, Christopher Stephenson, P.A., Tara Westermen, R.N., and Denette Lewark, R.N., by counsel, Brian M. Pierce, respectfully requests a trial by jury on all issues deemed so triable.

## **AFFIRMATIVE DEFENSES**

Come now Defendants, Quality Correctional Care, LLC, Christopher Stephenson, P.A., Tara Westermen, R.N., and Denette Lewark, R.N., by counsel, Brian M. Pierce, and for their affirmative defenses to Plaintiff's Complaint for Damages, state as follows:

1. Plaintiff's state law claims are barred by the contributory negligence of Plaintiff's decedent.

2. Plaintiff's state law claims are barred by virtue of the fact that Plaintiff's decedent incurred the risk of injury.

3. Plaintiff's decedent failed to mitigate his damages.

4. Defendants are immune from liability in state law, pursuant to any and all applicable provisions of Indiana Code §34-13-3-3.

5. Defendants' acts or omissions were not the proximate cause of Plaintiff's decedent's injuries and death.

6. Defendants are entitled to qualified immunity as to claims against them in their individual capacities, as a reasonable jail officer or official could conclude, in light of existing law, that their conduct was not unconstitutional.

7. Plaintiff's estate received a sum of money which completely compensates it for its loss and terminates its claim by accord and satisfaction; alternatively, defendants are entitled to a set-off for any such amount.

8.      Plaintiff's Complaint fails to state a cause of action against these Defendants in

their official capacities, as it fails to plead an unconstitutional policy on the part of

the Defendants.

9.      Plaintiff's state law claims against the individual Defendants are barred by the

provisions of I.C. 34-13-3-5.

10.     Some of the Plaintiff's state law claims are barred for noncompliance with the

notice provisions of the Indiana Tort Claims Act, Indiana Code § 34-13-3-8.

Date:  11-30-17                          /s/ Brian M. Pierce
                                         Brian M. Pierce, Ind. Bar # 24350-18
                                         106 E. Washington Street
                                         Muncie, Indiana 47305
                                         Tel:    (765) 289-9122
                                         Fax:    (765) 289-6064
                                         Email:  brianpiercelaw@aol.com
                                         Attorney for Defendants QCC, LLC, Christopher
                                         Stephenson, Tara Westermen, and Denette Lewark

<u>Certificate of Service</u>

I, Brian M. Pierce, the undersigned counsel of record for Defendants, Quality

Correctional Care, LLC, Christopher Stephenson, Tara Westermen, and Denette Lewark, affirms

under penalties of perjury that a copy this Appearance has been served on the following counsel

of record by, and through, the federal electronic filing system or by US Mail, this ____30th____

day of November, 2017:

Ronald E. Elberger
Jeffrey B. Halbert
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204

Richard Andrew Young
DREW YOUNG LAW
107 S. Broadway Street
Greensburg, IN 47240

Caren L. Pollack
Pollack Law Firm
10333 N. Meridian, Suite 111
Carmel, Indiana 46032


Date:__11-30-2017_____            /s/ Brian M. Pierce_____
.                                            Brian M. Pierce, Ind. Bar # 24350-18