UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOUGLAS J. GOSSER,<br>as Personal Representative<br>OF THE ESTATE OF BRIAN<br>LEE GOSSER,<br><br>              Plaintiff,<br><br>    v.<br><br>HENRY COUNTY SHERIFF'S DEPARTMENT,<br>RICHARD A. MCCORKLE, individually and in<br>his official capacity as Sheriff of Henry County;<br>and BRENT GRIDER, individually and in his<br>official capacity as Jail Commander of the Henry<br>County Jail, OFFICER ROBERT HUXHOLD,<br>OFFICER TERESA WEESNER,<br>OFFICER CLARK LECHER, individually and in<br>their official capacities as Correctional Officers,<br>QUALITY CORRECTIONAL CARE, LLC,<br>CHRISTOPHER STEPHENSON, P.A.,<br>TARA WESTERMAN, R.N., and DENETTE<br>LEWARK, R.N.,<br><br>              Defendants.<br><br>RICHARD A. MCCORKLE, in his official<br>capacity as Sheriff of Henry County,<br><br>             Defendant/Cross-Claimant<br><br>    v.<br><br>QUALITY CORRECTIONAL CARE, LLC,<br><br>             Defendant/Cross-Clam Defendant. | CASE NO. 1:17-cv-03257-TWP-MPB<br><br><br><br>QUALITY CORRECTIONAL CARE, LLC,<br><br>             Defendant/Cross-Claimant,<br><br>    v.<br><br>RICHARD A. MCCORKLE, in his<br>capacity as Sheriff of Henry County,<br><br>             Defendant/Cross-Claim Defendant. |

## <u>QUALITY CORRECTIONAL CARE, LLC DEFENDANTS' STATEMENT OF DEFENSES</u>

Comes now Defendant/Cross-Claim Defendant, Quality Correctional Care, LLC (hereinafter "QCC"), and Defendants Christopher Stephenson, P.A., Tara Westerman, R.N., and Denette Lewark, R.N. (hereinafter collectively referred to as the "QCC Defendants"), by counsel, Brian M. Pierce, and for their Statement of Defenses to Plaintiff's Complaint, state as follows:

1. Any state law claims for negligence plead, or alleged, in Plaintiff's Complaint against the QCC Defendants are barred by Indiana Medical Malpractice Act.

2. To the extent that any state law claims for negligence plead, or alleged, in Plaintiff's Complaint against the QCC Defendants are not barred by the Indiana Medical Malpractice Act, such claims are barred by the contributory negligence of Plaintiff's decedent.

3. To the extent that any state law claims for negligence plead, or alleged, in Plaintiff's Complaint against the QCC Defendants are not barred by the Indiana Medical Malpractice Act, such claims are barred by virtue of the fact that Plaintiff's decedent incurred the risk of injury.

4. Plaintiff's decedent failed to mitigate his damages.

5. To the extent that any state law claims for negligence plead, or alleged, in Plaintiff's Complaint against the QCC Defendants are not barred by the Indiana Medical Malpractice Act, the QCC Defendants are immune from liability in state law, pursuant to any and all applicable provisions of Indiana Code § 34-13-3-3.

6. The acts or omissions of the QCC Defendants were not the proximate cause of the decedent's injuries and death.

7. The QCC Defendants are entitled to qualified immunity as to the constitutional claims against them in their individual capacities, as a reasonable medical provider could conclude, in light of existing law, that their conduct was not unconstitutional.

8. Plaintiff's estate received a sum of money which completely compensates it for its loss and terminates its claim by accord and satisfaction; alternatively, the QCC Defendants are entitled to a set-off for any such amount.

9. Plaintiff's Complaint fails to state a cause of action against the QCC Defendants in their official capacities, as it fails to plead an unconstitutional policy or custom on the part of Defendant QCC.

10. To the extent that any state law claims for negligence plead, or alleged, in Plaintiff's Complaint against the QCC Defendants are not barred by the Indiana Medical Malpractice Act, the QCC Defendants, the state law claims against the individual QCC Defendants are barred by the provisions of I.C. § 34-13-3-5.

11. Some of the Plaintiff's state law claims are barred for noncompliance with the notice provisions of the Indiana Tort Claims Act, Indiana Code § 34-13-3-8.

12. Defendant QCC cannot be liable for punitive damages under state law, or under 42 U.S.C. § 1983.

13. The QCC Defendants intend to demonstrate that: 1) Plaintiff's claims are an attempt to allege medical malpractice without first complying with the Indiana Medical Malpractice Act; and 2) as an independent contract provider of medical services to the Henry County Defendants, their actions did not violate any clearly established constitutional right(s) of Brian Gosser, and that they are entitled to qualified immunity.

Date:  07/17/2018 /s/ Brian M. Pierce
Brian M. Pierce, 24350-18
106 E. Washington Street
Muncie, Indiana 47305
Tel:    (765) 289-9122
Fax:    (765) 289-6064
brianpiercelaw@aol.com
Attorney for Quality Correctional Care, LLC

Certificate of Service

I, Brian M. Pierce, the undersigned counsel of record for Defendant, Quality Correctional Care, LLC, affirms under penalties of perjury that a copy the forgoing Statement of Defenses has been electronically served on the following counsel of record this   17th    day of July, 2018:

Ronald E. Elberger
Jeffrey B. Halbert
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204

Richard Andrew Young
DREW YOUNG LAW
107 S. Broadway Street
Greensburg, IN 47240

Caren L. Pollack
Pollack Law Firm
10333 N. Meridian, Suite 111
Carmel, Indiana 46032

Date:  07/17/2018 /s/ Brian M. Pierce
Brian M. Pierce, Ind. Bar # 24350-18