UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DOUGLAS J. GOSSER, | ) | |
| as Personal Representative | ) | |
| OF THE ESTATE OF BRIAN | ) | |
| LEE GOSSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-cv-03257-TWP-MPB |
| | ) | |
| HENRY COUNTY SHERIFF'S DEPARTMENT, | ) | |
| RICHARD A. MCCORKLE, individually and in | ) | |
| his official capacity as Sheriff of Henry County; | ) | |
| and BRENT GRIDER, individually and in his | ) | |
| official capacity as Jail Commander of the Henry | ) | |
| County Jail, OFFICER ROBERT HUXHOLD, | ) | |
| OFFICER TERESA WEESNER, | ) | |
| OFFICER CLARK LECHER, individually and in | ) | |
| their official capacities as Correctional Officers, | ) | |
| QUALITY CORRECTIONAL CARE, LLC, | ) | |
| CHRISTOPHER STEPHENSON, P.A., | ) | |
| TARA WESTERMAN, R.N., and DENETTE | ) | |
| LEWARK, R.N., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S STATEMENT OF CLAIMS**

Pursuant to the Case Management Plan approved by the Court on December 20, 2017,

Plaintiff, Douglas J. Gosser, Personal Representative of the Estate of Brian Lee Gosser

("Plaintiff"), by counsel, respectfully submits his statement of claims to be proven at trial.

1.      This lawsuit seeks money damages against the Henry County Sheriff's

Department; Richard A. McCorkle, the Henry County Sheriff; Brent Grider, Jail Commander of

the Henry County Jail; Officer Robert Huxhold; Officer Teresa Weesner; Officer Clark Lecher,

individually and in their official capacities; Quality Correctional Care, LLC; Christopher

Stephenson, P.A.; Tara Westerman, R.N.;  and Denette Lewark, R.N. (collectively,

"Defendants"), for physical injuries suffered by Brian Lee Gosser ("Brian") during his incarceration at the Henry County Jail which resulted in his death on or around March 4, 2016.

2.     Plaintiff's first cause of action against Defendants arises under 42 U.S.C. § 1983 alleging Defendants' failures, actions, inactions, and omissions constituted deliberate indifference to Brian's constitutional rights and serious medical needs as protected and afforded under the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks damages against the Defendants for violations of Brian's constitutional rights.  Plaintiff also seeks punitive damages against the individual Defendants.

3.     Plaintiff's second cause of action against the individual Defendants alleges negligence on the basis that their actions, inactions and omissions occurred within the scope of their employment.  Defendants were negligent in that they failed to properly supervise jail inmates, negligently hired, supervised, and retained officers, doctors, nurses, staff and outside contractors whom they knew or should have known were not properly trained or otherwise were unfit for service, placed Brian in the jail with inmates who were known to cause harm to other inmates and returned Brian to the jail after a violent attack with knowledge of the risks posed, and failed to provide immediate and appropriate medical attention and treatment to Brian, all of which contributed to Brian's death on or around March 4, 2016.

4.     Plaintiff's third cause of action against Defendants is for wrongful death. Defendants were deliberately indifferent to Brian's serious medical condition and needs, suffered as result of being repeatedly beaten by fellow inmates, and either did not observe or chose to ignore the obvious need for monitoring and to provide essential and necessary medical care and treatment.  Defendants demonstrated a total lack of regard for and reckless disregard to Brian's well-being. Defendants are responsible for Brian's death as the result of their intentional, willful, wanton, reckless and/or negligent acts and omissions, including but not limited to the failure to

provide medical care, failure to provide medical treatment, failure to monitor Brian's symptoms, failure to timely contact emergency services for transport to the hospital, and failure of supervisory officers (i.e., McCorkle and Grider), to train and supervise their officers, deputies and staff.   As a direct and proximate result of these wrongful acts and omissions, Plaintiff suffered losses and seeks recovery for the wrongful death of Brian.

Respectfully submitted,

s/*Jeffrey B. Halbert*
Ronald E. Elberger (#6675-49)
Jeffrey B. Halbert (#22727-49)

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000; (317) 684-5173 (Fax)
RElberger@boselaw.com
JHalbert@boselaw.com

Richard A. Young (#1452-49)
Drew Young Law
107 South Broadway Street
Greensburg, IN  47240
(812) 222-0179; (812) 222-0188 (Fax)
Drew_young_esq@hotmail.com

*Attorneys for Plaintiff, Douglas J. Gosser, Personal Representative of the Estate of Brian Lee Gosser*

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2018, a copy of the foregoing "Plaintiff's Statement of Claims" was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Caren L. Pollack, Esq.
Pollack Law Firm, P.C.
10333 North Meridian Street, Suite 111
Indianapolis, IN  46290
cpollack@pollacklawpc.com

Brian M. Pierce, Esq.
106 East Washington Street
Muncie, IN  47305
brianpiercelaw@aol.com

s/*Jeffrey B. Halbert*
Jeffrey B. Halbert

3466329