UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOUGLAS J. GOSSER, as Personal Representative OF THE ESTATE OF BRIAN LEE GOSSER, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD A. MCCORKLE, individually and in his official capacity as Sheriff of Henry County; and BRENT GRIDER, individually and in his official capacity as Jail Commander of the Henry County Jail, QUALITY CORRECTIONAL CARE, LLC, CHRISTOPHER STEPHENSON, P.A., TARA WESTERMAN, R.N., and DENETTE LEWARK, R.N., <br><br> Defendants | CASE NO. 1:17-cv-03257-TWP-MPB |

**PLAINTIFF'S SURREPLY TO JAIL DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to S.D. Ind. L.R. 56-1(d), Plaintiff, Douglas J. Gosser, as personal representative of the Estate of Brian Lee Gosser (the "Estate"), by counsel, respectfully submits this surreply to address the new evidence cited by Richard A. McCorkle and Brent Grider (jointly, the "Jail Defendants") in their reply.[1]

First, the Jail Defendants offer evidence they contend shows "when [Grider] learned that Brian [Gosser] had been struck in B cellblock because his cellmate thought he was a child molester." (ECF No. 120 at 3 (citing ECF No. 119-1)). To the Jail Defendants, Grider did not

---

[1] "A party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response. The surreply must be filed within 7 days after the movant serves the reply and must be limited to the new evidence and objections." S.D. Ind. L.R. 56-1(d).

1

learn that Brian had been targeted as an alleged child molester until he met with Brian *on February 29, 2016* (i.e., after Brian had already been beaten multiple times and been placed in a segregated cell). To the contrary, the evidence shows that Grider knew that Brian could be targeted as an alleged child molester a week earlier, *on February 22, 2016*, when he approved Brian's placement in the F Block. Indeed, Grider testified as follows:

```
61:1   Q   Did you authorize or approve the move of Brian
61:2       from B block to F block?
61:3   A   After the fact.
61:4   Q   After he had already been moved?
61:5   A   Yes.
61:6   Q   Did you have any discussions with Sheriff
61:7       McCorkle about that move and why the move was
61:8       made --
61:9   A   I believe we had discussed that.  And I was told
61:10      by Sheriff McCorkle that we need to keep him
61:11      safe and that he had been slapped in the face.
61:12      And although he didn't want to press charges,
61:13      that since Chip had determined or thought he was
61:14      a child molester, that it would be best if we
61:15      move him out of that block.
```

(ECF No. 106-2 (Grider Dep. at 61:1-61:15).)

Thus, Grider openly admitted that he was advised by Sheriff McCorkle that Brian had been slapped in the face by Chip, another inmate in B Block, because the inmate "had determined or thought he was a child molester" and therefore "it would be best if we moved him out of that block [i.e., B block]." This conversation would have happened on or about February 22, 2016. (*See* ECF No. 108, Statement of Material Facts in Dispute, ¶ 14.)

The Estate has offered substantial other evidence which would allow a reasonable jury to infer that Grider knew that Brian was a likely target for harm but failed to protect him:

2

- <u>ECF No. 106-2 (Grider Dep 62:19-63:8)</u> (Commander Grider states that the "jailhouse walls have ears," and admits that any disciplinary action taken by Grider against Brian's first assailant "would cause Brian further trouble");

- <u>ECF No. 106-2 (Grider Dep. 63:24-64:3)</u> (Commander Grider admits that he knew that Brian was the son of Doug Gosser, former Rush County Sheriff);

- <u>ECF No. 106-1 (McCorkle Dep. 27:3-8)</u> (Sheriff McCorkle admits that, as a general rule, child molesters are kept in a cellblock by themselves because "other inmates historically have taken some aggressive action towards them");

- <u>ECF No. 106-8 (Blake Deposition 68:9-20)</u> (Officer Blake states that, after Brian Gosser was booked into the Jail, another officer informed him that his father was an ex-sheriff);

- <u>ECF No. 106-8 (Blake Dep. Ex. 47 at 2)</u> ("When [Brian Gosser] was first brought in here I was advised that he was a son to the . . . Sheriff of Rush County . . . .");

- <u>ECF No. 106-7 (Weesner Deposition 49:18-51:1)</u> (Officer Weesner admits that she knew that Brian Gosser was the son of a former sheriff and that "[a]ll the inmates were talking about it");

- <u>ECF No. 106-14 (Henry County Sheriff's Department Law Supplemental Narrative) at HENRYCODEFSRRFP001101-1102)</u> (noting that the inmates responsible for Brian Gosser's beating, including Joe Flynn, bragged over telephone calls on February 23, 2016, about how one of the detainees (Brian Gosser) revealed that his father was a sheriff and that, as a result, the detainee had taken a hard fall in the shower (i.e., he had been beaten)).

All of this evidence shows that there are genuine issues of material fact requiring a trial. Moreover, the Jail Defendants' contention that "Plaintiff's argument that Brian was a target because he was the son of a sheriff and/or was improperly identified as a child molester *deliberately misleads the court*" is unwarranted and improper. (ECF No. 120 at 6 (emphasis supplied).); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Mayflower Transit, Inc.*, 659 F. Supp.

3

2d 1016, 1018 (S.D. Ind. 2009) (Barker, J.) (noting that lawyers "must never lodge 'unfounded accusations of impropriety' against their opponent").

Next, the Jail Defendants offer the testimony of Brian's mother, Louann Phares, to show that the arrest that led to Brian's detention at the Henry County Jail "was Brian's third." (ECF No. 120 at 11 n.1.) The Jail Defendants then seek to cast blame on Brian's family for failing to bail him out, as "[d]ue to the decisions made by his family, he remained in the jail pending resolution of his criminal charges." (*Id.* at 11.) This effort to blame the victim and his grieving family is inappropriate and, more importantly, does not negate a genuine issue of material fact. Rather, as a pretrial detainee, Brian was still entitled to the presumption of innocence – he had not been convicted and was not subject to any sentence. Thus, he should have been kept safe and not subjected to any punishment while he was being held for trial. *See Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2475 (2015) ("[P]retrial detainees (unlike convicted prisoners) cannot be punished at all . . . '[I]f the offence be not bailable, or the party cannot find bail, he is to be committed to the county [jail] … [b]ut … only for safe custody, and not for punishment.'" (quoting 4 W. Blackstone, Comentaries *300)).

In sum, there are genuine issues of material fact, and the Jail Defendants' request for partial summary judgment must be denied. Furthermore, the Jail Defendants should be appropriately sanctioned for maintaining a summary judgment position that is obviously unwarranted. *See Littler v. Martinez*, No. 2:16-cv-00472-JMS-DLP, 2019 WL 1043256, at *3-4 (S.D. Ind. Mar. 5, 2019); Fed. R. Civ. P. 11(b)(2).

           Respectfully submitted,

           /s/ *Jeffrey B. Halbert*
           Ronald E. Elberger (#6675-49)
           Jeffrey B. Halbert (#22727-49)
           Philip R. Zimmerly (#30217-06)

4

>BOSE McKINNEY & EVANS LLP
>111 Monument Circle, Suite 2700
>Indianapolis, Indiana  46204
>(317) 684-5000; (317) 684-5173 (Fax)
>relberger@boselaw.com
>JHalbert@boselaw.com
>PZimmerly@boselaw.com
>
>*Attorneys for Plaintiff, Douglas J. Gosser, as Personal Representative of the Estate of Brian Lee Gosser*

### CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2019, a copy of the foregoing "Plaintiff's Surreply to Jail Defendants' Motion for Partial Summary Judgment" was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Caren L. Pollack, Esq.
>Pollack Law Firm, P.C.
>10333 North Meridian Street, Suite 111
>Indianapolis, IN  46290
>cpollack@pollacklawpc.com
>
>Brian M. Pierce, Esq.
>106 East Washington Street
>Muncie, IN  47305
>brianpiercelaw@aol.com
>
>/s/*Jeffrey B. Halbert*
>Jeffrey B. Halbert

3670492