UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOUGLAS J. GOSSER, as Personal Representative OF THE ESTATE OF BRIAN LEE GOSSER, <br><br>Plaintiff, <br><br>v. <br><br>RICHARD A. MCCORKLE, individually and in his official capacity as Sheriff of Henry County; and BRENT GRIDER, individually and in his official capacity as Jail Commander of the Henry County Jail, QUALITY CORRECTIONAL CARE, LLC, CHRISTOPHER STEPHENSON, P.A., TARA WESTERMAN, R.N., and DENETTE LEWARK, R.N., <br><br>Defendants | ) ) ) ) ) ) ) ) ) CASE NO. 1:17-cv-03257-TWP-MPB ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFF'S SURREPLY TO MEDICAL DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to S.D. Ind. L.R. 56-1(d), Plaintiff, Douglas J. Gosser, as personal representative of the Estate of Brian Lee Gosser (the "Estate"), by counsel, respectfully submits this surreply to specifically address (1) the objections made by the Medical Defendants to the Estate's Statement of Material Facts in Dispute and (2) the new evidence cited by the Medical Defendants in their reply. (ECF No. 121 at 4-8.)[1]

The Medical Defendants object to the Estate's Statement of Material Facts in Dispute, contending that they (1) contain citation to legal authority, (2) contain numerous statements that

---

[1] "A party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response. The surreply must be filed within 7 days after the movant serves the reply and must be limited to the new evidence and objections." S.D. Ind. L.R. 56-1(d).

1

are conclusory, argumentative, and often inflammatory, and (3) are presented to be facts but are actually mischaracterizations of the testimony and exhibits (ECF No. 121 at 4-5.) None of these objections have merit. Instead, the objections and new evidence cited by the Medical Defendants underscore that there are genuine issues of material fact that require a trial.

First, while the Medical Defendants accuse the Estate of including "numerous citations to the law" in its Statement of Material Facts in Dispute (ECF No. 121 at 5), there are actually only two citations to legal authority, neither of which is improper. (*See* ECF No. 108, Statement of Material Facts in Dispute, ¶¶ 29, 40.) The first cite, *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004), supports the Estate's objection to the submission of medical expert testimony by the Medical Defendants. (ECF No. 108, Statement of Material Facts in Dispute, ¶ 29.) The second cite, *Lemond v. Talbot*, No. 2:17-CV-00113-WTL-DLP, 2018 WL 2938496, at *4 (S.D. Ind. June 12, 2018), illustrates a similar case where the Court found genuine issues of material fact as to whether medical records were "fabricated or inconsistent with reality." (ECF No. 108, Statement of Material Facts in Dispute, ¶ 40.)

Second, the Medical Defendants object that the Statement of Material Facts in Dispute include "[w]ords and phrases that are conclusory, argumentative, and inflammatory" such as "non-violent offense, finally seen, subjected to more beatings, disregard, fail, and ignore." (ECF No. 121 at 5.) There is nothing improper about those words and phrases, as they are solidly supported by the record. Brian Gosser was imprisoned for operating a vehicle while intoxicated, a "non-violent offense." (ECF No. 93-1 at p.8.) He was booked into the Henry County Jail on February 17, 2016, and was "finally seen" by Nurse Westermen on February 25 at 9:00 a.m. (even though he had submitted sick call requests on February 19, February 21, and February 24). (*See* ECF No. 108, Statement of Material Facts in Dispute, ¶¶ 12-17; ECF No. 97-2 at QCC_000551, QCC_000552, and QCC_000555; ECF No. 106-3 (Westermen Dep. at 91:9-

92:2)). Brian was attacked when he was in Cell Block B and then "subjected to more beatings" in Block F by the other detainees. (ECF No. 94 at 3-4.) The Medical Defendants "disregard[ed]" Brian's discharge instructions, which required 24-hour observation, physician evaluation within 48 hours and immediate return to the hospital in the event of vomiting or nausea. (*See* ECF No. 97-2 at QCC_000568.) After being returned to the Jail, Brian's health continued to deteriorate and the Medical Defendants "fail[ed]" to provide him with any care but instead "ignor[ed]" him. (*See* ECF No. 108, Statement of Material Facts in Dispute, ¶¶ 32-40 (collecting evidence of Medical Defendants deficient treatment).) To the extent that these facts are deemed "inflammatory" (*see* Dictionary.com (defining "inflammatory" as "tending to arouse anger, hostility, passion, etc.")), it is only because they reveal the abject failure by the defendants to provide Brian with the protection and care required by the Constitution.

Third, the Medical Defendants object that the Estate "often misrepresent[s] the testimony and evidence." (ECF No. 121 at 5.) To the contrary, every single fact identified in the Estate's briefing has been meticulously supported by the designated evidence. (*See* ECF No. 108 at pp. 6-31 of 61.) Out of the 59 paragraphs of material facts in dispute, the Medical Defendants cite only two paragraphs where they contend the facts have been misrepresented, including the Estate's position that the medical records have been doctored and that Brian Gosser was not seen until February 25, 2016 at 9:00. (ECF No. 121 at 5.) In the testimony cited by the Medical Defendants, Nurse Westermen testified that she first recalled interacting with Brian Gosser on February 25. (ECF No. 106-3 (Westermen Dep. at 91:9-92:2).) The fact that Nurse Westermen later claimed that she saw Brian Gosser at an earlier time, on February 23, is a disputed issue, as the Estate has previously explained in detail the reasons why the Medical Progress note with the date "2-24-16" but later predated and signed "2-23-16" does not align with other evidence and is

indicative of the medical record being manipulated. (*See* ECF No. 108, Statement of Material Facts in Dispute, ¶¶ 17, 34 & n.4; *id.* at pp. 38-39 of 61.)

Similarly, the Medical Defendants offer new evidence which they claim shows that PA Stephenson "was present for the evaluation on February 23, 2016 with Westermen . . . ." (ECF No. 121 at 7-8.) Once again, there are genuine issues of material fact on that issue, catalogued in detail by the Estate in its summary judgment response, including Stephenson's own testimony that the only time he saw Brian Gosser was March 2, 2016. (ECF No. 106-6 (Stephenson Dep. at 60:11-13 (Q. Was March 2nd the only time you saw Brian Gosser? A. Yes.)). Stephenson's testimony reveals that he could not recall a February 23 meeting and described what "usually" would happen and what "maybe" happened. (ECF No. 123-2 (Stephenson Dep. at 92:12-95)). His testimony otherwise confirmed that he did not see Brian. Specifically, Stephenson claimed that he prescribed Librium on February 23 and testified that, when he sees a patient, he ordinarily signs their chart. (*Id.* at 93:11-94:2.) But Brian was never prescribed with Librium; and Stephenson never signed the "2-23-16" Medical Progress note. (*See* ECF No. 97-2 at QCC_000554 (no Stephenson signature), QCC_000583-584 (no Librium prescribed)).

In sum, there are genuine issues of material fact. The Medical Defendants' request for partial summary judgment is unfounded and must be denied. Furthermore, the Medical Defendants should be appropriately sanctioned for maintaining a summary judgment position that is unwarranted. *See Littler v. Martinez*, No. 2:16-cv-00472-JMS-DLP, 2019 WL 1043256, at *3-4 (S.D. Ind. Mar. 5, 2019); Fed. R. Civ. P. 11(b)(2).

Respectfully submitted,

/s/ *Jeffrey B. Halbert*
Ronald E. Elberger (#6675-49)
Jeffrey B. Halbert (#22727-49)
Philip R. Zimmerly (#30217-06)

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana  46204
(317) 684-5000; (317) 684-5173 (Fax)
relberger@boselaw.com
JHalbert@boselaw.com
PZimmerly@boselaw.com

*Attorneys for Plaintiff, Douglas Gosser, as Personal Representative of the Estate of Brian Lee Gosser*

### CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2019, a copy of the foregoing "Plaintiff's Surreply to Medical Defendants' Motion for Partial Summary Judgment" was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Caren L. Pollack, Esq.
Pollack Law Firm, P.C.
10333 North Meridian Street, Suite 111
Indianapolis, IN  46290
cpollack@pollacklawpc.com

Brian M. Pierce, Esq.
106 East Washington Street
Muncie, IN  47305
brianpiercelaw@aol.com

/s/*Jeffrey B. Halbert*
Jeffrey B. Halbert

3671628